No. 23-12159

IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

JANE DOE, et al.,
*Plaintiffs-Appellees*,

v.

SURGEON GENERAL, STATE OF FLORIDA, et al.,
*Defendants-Appellants*.

On Appeal from the United States District Court for the
Northern District of Florida
Case No: 4:23-cv-114-RH-MA

**UNOPPOSED MOTION OF *AMICI CURIAE* HUSSEIN ABDUL-LATIF, REBECCA KAMODY, LAURA KUPER, MEREDITHE MCNAMARA, NATHALIE SZILAGYI, AND ANNE ALSTOTT FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF AFFIRMING THE DISTRICT COURT'S PRELIMINARY INJUNCTION**

| | | |
|---|---|---|
| Alison L. Andersen<br>ARENTFOX SCHIFF LLP<br>1717 K Street, NW<br>Washington, DC 20006<br>Telephone: 202.857.6000<br>Facsimile: 202.857.6395 | David C. Blickenstaff<br>ARENTFOX SCHIFF LLP<br>233 South Wacker Drive<br>Suite 7100<br>Chicago, IL 60606<br>Telephone: 312.258.5500<br>Facsimile: 312.258.5600 | Michael S. Cryan<br>ARENTFOX SCHIFF LLP<br>The Prudential Tower<br>800 Boylston Street, 32nd Floor<br>Boston, MA 02199<br>Telephone: 617.973.6100<br>Facsimile: 617.367.2315 |

*Counsel for Amici Curiae*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for *amici curiae* Hussein Abdul-Latif, Rebecca Kamody, Laura Kuper, Meredithe McNamara, Nathalie Szilagyi, and Anne Alstott represent that none of the above-referenced individuals is a corporate entity or has issued stock.

*Amici curiae* hereby respectfully move this Honorable Court for leave to file the attached brief of *amici curiae*. In support of this motion, *amici curiae* state as follows:

1. *Amici curiae* are Hussein Abdul-Latif, Rebecca Kamody, Laura Kuper, Meredithe McNamara, Nathalie Szilagyi, and Anne Alstott (collectively, "*amici*").

2. *Amici* respectfully move for leave to file their amicus brief in support of the district court's decision to enjoin the State of Florida's ban on transitioning medications for transgender youth. *See* Florida Statutes §§ 456.001(9), 456.52 (2023) and Fla. Admin. Code R. 64B8-9.019(1)(b), R. 64B15-14.014(1)(b) (2023). *Amici* have met and conferred with the parties in good faith as required by the Local Rules, and both Plaintiffs and Defendants have indicated that they do not object to the filing of *amici*'s brief.

3. The *amici* submitting this brief are a well-respected group of two Ph.D. child and adolescent psychologists, an M.D. child and adolescent psychiatrist, two M.D. physicians with specialties in pediatric endocrinology and adolescent medicine, and a law professor holding a tenured position at Yale Law School. All five scientists are also clinicians who treat transgender youth daily. Collectively, *amici* have over 40 years of clinical practice and have treated more than 1,700 transgender youth. All *amici* share an interest in the integrity of medicine and science, and all are concerned that Florida's newly adopted statutes

1

and rules set a harmful, national precedent for denying standard medical care to transgender people who suffer from gender dysphoria.[1] *Amici* seek to offer this Court their professional insights regarding the life-saving benefits of gender-affirming care and the consequences that result from the denial of such important gender-affirming care to patients, as would be required by Fla. Admin. Code R. 64B8-9.019(1)(b) and Fla. Admin Code R. 64B15-14.014(1)(b) (the "Regulatory Ban") and Florida Statutes §§ 456.001(9) and 456.52 (the "Statutory Ban") (collectively, the "Florida Bans"). *Amici*'s brief demonstrates that the Florida Bans strip patients of long-established, effective, and evidence-based medical care. *Amici* have a strong interest in ensuring that this Court has sound scientific information at hand regarding the medical treatment of gender dysphoria, and their perspective will aid the Court in its consideration of the case.

**WHEREFORE**, *amici* respectfully request that the Court grant them leave to file their brief of *amici curiae*.

---

[1] Gender dysphoria is "the distress that may accompany the incongruence between one's experienced or expressed gender and one's assigned gender." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1262 (11th Cir. 2020), *cert. denied sub nom. Keohane v. Inch*, 142 S. Ct. 81 (2021) (quoting Am. Psych. Ass'n, Diagnostic and Statistical Manual of Mental Disorders 451 (5th ed. 2013)).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

*Amici* seek to assist this Court in an area that is within their core expertise. Consistent with their clinical training and experience, *amici* focus on medical and psychological care for gender dysphoria. *Amici*'s proposed brief provides this Court with insight into the safety and effectiveness of gender-affirming care and demonstrates that the Florida Bans lack scientific justification.

Federal courts have broad discretion to allow participation as *amicus curiae*. *See, e.g., New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021); *Richardson v. Flores,* 979 F.3d 1102, 1106 (5th Cir. 2020). Indeed, federal courts "possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). "The purpose of an amicus brief is to serve the court, so its acceptance is within the discretion of a court based on its view of the brief's utility in helping to resolve the issues before it." *Straw v. Utah*, No. 23-4036, 2023 WL 4197651, at *5 (10th Cir. June 27, 2023). In exercising their discretion, courts may consider whether the brief would aid their understanding of the issues, as well as the interests of those who are not represented in the litigation. Indeed, "[c]ourts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the court's understanding of the matter in question." *Conservancy of Sw. Fla. v.*

3

*United States Fish & Wildlife Serv.*, 2010 U.S. Dist. LEXIS 94003 at *3 (M.D. Fla. Sept. 9, 2010). Particularly relevant for courts considering whether to accept *amicus curiae* submissions is whether "the amicus has a special interest." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988). As commentators have stressed, *amici* are often in a superior position to focus the court's attention on the broad implications of various possible rulings. R. Stern, E. Greggman & S. Shapiro, Supreme Court Practice, 570-71 (1986) (quoting Ennis, Effective Amicus Briefs, 33 CATH. U. L. REV. 603, 608 (1984)); *see also Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) ("[A]mici fulfill[] the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.").

That is precisely the assistance *amici* offer the Court here. Their perspectives as clinicians are unique. *Amici* have seen firsthand the importance of patients having access to gender-affirming care. Parents and guardians regularly seek the advice of *amici*, in a professional capacity, and *amici* offer advice concerning the proper course of treatment upon a diagnosis of gender dysphoria, in accordance with well-established standards of care. *Amici* have a special interest in the outcome of this litigation because the disposition will have a direct impact on the health outcomes for Florida patients, specifically doctor-patient decision-making as it relates to gender-

4

affirming medical care. For these reasons, federal courts have permitted *amici* to file briefs in matters concerning similar laws targeting gender-affirming care. *See, e.g., Eknes-Tucker v. Marshall*, 2022 WL 1521889, at *2 (M.D. Ala. May 13, 2022) and *Dekker et al v. Weida et al*, 4:22CV00325 (N.D. Fla. Apr. 25, 2023) (allowing this group of *amici*, among others, to file briefs).

Because *amici* have special expertise that can aid the Court and the parties in resolving this case of great public interest, the Court should grant *amici*'s unopposed motion for leave to file their amicus brief.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that this Court grant their motion for leave to file their proposed *amicus curiae* brief in support of the district court's decision to preliminarily enjoin enforcement of the Florida Bans.

Respectfully submitted,

Hussein Abdul-Latif, Rebecca Kamody, Laura Kuper, Meredithe McNamara, Nathalie Szilagyi, and Anne Alstott

By and through their counsel,

ARENTFOX SCHIFF LLP

| | | |
|---|---|---|
| Alison L. Andersen | David C. Blickenstaff | Michael S. Cryan |
| ARENTFOX SCHIFF LLP | ARENTFOX SCHIFF LLP | ARENTFOX SCHIFF LLP |
| 1717 K Street, NW | 233 South Wacker Drive | The Prudential Tower |
| Washington, DC 20006 | Suite 7100 | 800 Boylston Street, 32nd Floor |
| Telephone: 202.857.6000 | Chicago, IL 60606 | Boston, MA 02199 |
| Facsimile: 202.857.6395 | Telephone: 312.258.5500 | Telephone: 617.973.6100 |
| | Facsimile: 312.258.5600 | Facsimile: 617.367.2315 |

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 6, 2023, this notice was filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ David C. Blickenstaff*
David C. Blickenstaff
